IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BYRON N. HICKEY,                    *

          Plaintiff,                *

vs.                                 *
                                         CASE NO. 4:07-CV-096 (CDL)
COLUMBUS CONSOLIDATED          *
GOVERNMENT; CHIEF R.T. BOREN,
individually and in his official *
capacity; CAPT. J.D. HAWK,
individually and in his official *
capacity; SGT. DEAN WALTON,
individually and in his official *
capacity; SGT. DAVID HORIUCHI,
individually and in his official *
capacity; MAYOR WILLIAM J.
WETHERINGTON, individually and in*
his official capacity; FORMER
MAYOR ROBERT S. POYDASHEFF,    *
individually and in his official
capacity; and H.R. DIRECTOR    *
THOMAS E. BARRON, individually
and in his official capacity,  *

          Defendants.               *

_____     *


                        O R D E R

     Presently pending before the Court are the following motions:

the Attorney General's Motion to Quash Subpoenas, Plaintiff's Motion

to Compel Discovery, Plaintiff's Motion to Unseal March 7, 2007 Order

Authorizing Interception of Wire Communications, and the Attorney

General's Motion for *In Camera* Proceeding. For the reasons set forth

below, the Attorney General's Motion to Quash Subpoenas (Doc. 31) is

granted, Plaintiff's Motion to Compel Discovery (Doc. 37) is denied,

1

Plaintiff's Motion to Unseal March 7, 2007 Order Authorizing Interception of Wire Communications (Doc. 54) is denied, and the Attorney General's Motion for *In Camera* Proceeding (Doc. 55) is granted.

## FACTUAL BACKGROUND

Plaintiff is employed as a corporal/detective in the police department of Columbus, Georgia. (Compl. ¶ 17.) Plaintiff claims that his employer discriminated against him because of his race and retaliated against him because of his opposition to race and sex discrimination in the Columbus police department. (Compl. ¶¶ 18-24.) Plaintiff sued the Columbus Consolidated Government, along with a number of police officers and city officials, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*; 42 U.S.C. § 1981; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and various state law theories. (Compl. ¶ 1.)

In addition to other claims of discrimination and retaliation, Plaintiff contends that Defendants used a federal criminal investigation being conducted by the Federal Bureau of Investigation ("FBI") and the Drug Enforcement Administration ("DEA") as a means to retaliate against Plaintiff for his protected activities. Specifically, Plaintiff claims that Columbus Police Chief Richard Boren, DEA Agent Steve Ribolla, and Columbus police officer Richard Stinson "conspired to attempt to entrap [Plaintiff] into committing

a criminal offense." (Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. to Compel Discovery ¶ 6 [hereinafter Pl.'s Reply re Mot. to Compel]; Pl.'s Resp. to Mot. to Quash Subpoenas and Br. in Supp. Thereof ¶ 3 [hereinafter Pl.'s Resp. to Mot. to Quash].) In furtherance of this conspiracy, Plaintiff argues, Ribolla contacted Plaintiff on April 9, 2007 and asked Plaintiff questions about Plaintiff's previous investigation of criminal suspect Jeffrey Fluellen, as well as a possible connection between Fluellen and Lionel Lightning, the son of Larry Lightning, a Columbus police officer who was being investigated by the FBI and DEA. (Pl.'s Reply re Mot. to Compel ¶ 6; Pl.'s Resp. to Mot. to Quash ¶ 2.) At the time of the April 9, 2007 conversation between Ribolla and Plaintiff, Larry Lightning's telephone was being tapped pursuant to a court order, and Plaintiff's conversations with Lightning were subject to being intercepted and recorded. (Pl.'s Resp. to Mot. to Quash ¶ 2; Notice of Interception, Ex. F to Pl.'s Reply re Mot. to Compel.) Plaintiff did not learn of the tap on Lightning's phone until several months after the April 9, 2007 phone call. (Pl.'s Resp. to Mot. to Quash ¶ 2.) Plaintiff posits that the April 9, 2007 conversation was meant to lure him into obstructing justice by calling Lightning to warn him that Lionel was under investigation. (*Id.* at ¶¶ 2-3.) Plaintiff did not make such a call.

Plaintiff seeks to depose Boren, Ribolla and Stinson regarding the Lightning investigation and the April 9, 2007 phone call, and he seeks access to the Court's sealed March 7, 2007 Order in the case of

*United States v. Larry Lightning*, Case No. 4:07-CR-00019-CDL-GMF-1.[1]

Plaintiff contends that he is not seeking to learn about confidential law enforcement activity. (Pl.'s Resp. to Mot. to Quash ¶ 2.) Rather, Plaintiff would like to obtain information regarding: (1) "how Ribolla obtained certain information regarding one of Plaintiff's prior investigations"; (2) "what knowledge Stinson and/or Ribolla have regarding Defendant Boren's and possibly Assistant Chief Rowe's knowledge of Plaintiff being called by Ribolla"; and (3) "why Ribolla asked Plaintiff in that conversation . . . about . . . a relative of former Columbus police officer Larry Lightning." (*Id.*) Plaintiff also seeks access to the Court's March 7, 2007 Order authorizing the wire tap on Lightning's phone. (Pl.'s Mot. to Unseal

---

[1] The Court finds that the information Plaintiff seeks is not relevant to his Title VII claims in this case because Plaintiff has not yet exhausted his administrative remedies as to the retaliatory investigation claim. The purpose of the exhaustion requirement is that the Equal Employment Opportunity Commission ("EEOC") "should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (2004) (per curiam) (internal quotation marks and citations omitted). Although Plaintiff received a "right to sue" letter from the EEOC on March 13, 2007, Plaintiff's right to sue is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 1280 (internal quotation marks and citations omitted). The alleged retaliatory investigation did not occur until after Plaintiff received his right to sue letter, and Plaintiff did not notify the EEOC of the alleged retaliatory investigation until December 2007. The EEOC has not had an opportunity to complete its inquiry into Plaintiff's retaliatory investigation claim, and therefore Plaintiff is barred from bringing a Title VII claim at this time based on those allegations.

Even though the information Plaintiff seeks is not relevant to Plaintiff's Title VII claims, it is relevant to his § 1981 retaliation claims, which are not subject to the Title VII exhaustion requirement. Therefore, the Court must still determine whether the information Plaintiff seeks should be disclosed to Plaintiff.

4

March 7, 2007 Order Authorizing Interception of Wire Communications and Br. in Supp. Thereof ¶¶ 1-3 [hereinafter Pl.'s Mot. to Unseal].)

Defendants and the United States Attorney General argue that the information Plaintiff seeks is privileged and that Plaintiff should not be permitted to depose Boren, Ribolla or Stinson about the Lightning investigation or the April 9, 2007 phone call between Plaintiff and Ribolla. As discussed below, the Court agrees with Defendants and the Attorney General that the information Plaintiff seeks is privileged.

## DISCUSSION

### I. Attorney General's Motion for *In Camera* Proceeding

The Court grants the Attorney General's Motion for *In Camera* Proceeding. The Court held an *in camera* proceeding on February 12, 2008, and received evidence that is relevant to the issue of whether the information Plaintiff seeks is privileged.

### II. Attorney General's Motion to Quash

Plaintiff's counsel issued subpoenas to Ribolla and Stinson, directing them to appear as deposition witnesses in this case. The Attorney General seeks to quash those subpoenas pursuant to agency regulations that prohibit employees of the Department of Justice ("DOJ") from testifying, without prior DOJ approval, about information obtained as part of the person's official duties or because of the person's official status. (Statement and Points of Authority in Supp. of Mot. to Quash Subpoena 1-2 [hereinafter Mot. to

Quash Br.].)    The Attorney General declined to authorize the testimony of Ribolla and Stinson in this case.

A.    DOJ Regulations Regarding Disclosure of DOJ Information

The Federal Housekeeping Act, 5 U.S.C. § 301, permits federal agencies to prescribe regulations establishing conditions for the production or disclosure of agency information.[2]  Pursuant to 5 U.S.C. § 301, the DOJ promulgated regulations restricting DOJ employees from disclosing DOJ information in private litigation.  *See* 28 C.F.R. §§ 16.21-16.29.  The regulations read in part:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

28 C.F.R. § 16.22(a).  The Supreme Court has upheld the Attorney General's authority to promulgate such regulations, noting that "[w]hen one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the

---

[2]Section 301 provides: "The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public."

necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious." *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). Since the *Touhy* opinion, "'an unbroken line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.'" *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991) (quoting *Boron Oil Co. v. Downie*, 873 F.2d 67, 73 (4th Cir. 1989)) (alteration in original).

The DOJ regulations require that, in deciding whether to authorize an employee to testify in response to a subpoena, the DOJ official should consider "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege." 28 C.F.R. § 16.26(a).[3] The regulations prohibit the disclosure of information that (1) "would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection,"

---

[3]A court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). In this case, the privilege asserted by the Attorney General is the law enforcement privilege. The law enforcement privilege exists to prevent disclosure of sensitive law enforcement investigatory information. The privilege applies if the government's interest in confidentiality outweighs the litigant's need for the information. *In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 570 (5th Cir. 2006). For a more detailed discussion of the law enforcement privilege, see *infra* Part III.

or (2) "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *Id.* at § 16.26(b)(4), (b)(5).

In this case, the Attorney General contends that the testimony Plaintiff seeks regarding the Lightning investigation and the April 9, 2007 conversation between Ribolla and Plaintiff is privileged because it "could reveal investigative records completed for law enforcement purposes and interfere with enforcement proceedings or disclose investigative techniques and procedures, the effectiveness of which could be impaired." (Mot. to Quash Br. 2.) For those reasons, the Attorney General refused to authorize the testimony of Ribolla and Stinson, citing the federal regulations governing the testimony of DOJ personnel.[4] (*Id.* at 4.)

B.  Reviewing the DOJ's Decision

The decision not to permit the testimony of Ribolla and Stinson is a final agency action reviewable under the Administrative Procedure Act. *See* 5 U.S.C. § 704; *see also Moore*, 927 F.2d at 1197. The Court may overturn the agency action if the Attorney General's

---

[4]Under the applicable regulations, "employee of the Department" "includes all officers and employees of the United States appointed by, or subject to the supervision, jurisdiction, or control of the Attorney General of the United States, including U.S. Attorneys, U.S. Marshals, U.S. Trustees and members of the staffs of those officials." 28 C.F.R. § 16.21(b). Based upon the Court's February 12, 2008 *in camera* review, the Court is satisfied that Stinson is properly considered an "employee of the Department" with regard to the information sought by Plaintiff.

refusal to authorize the testimony of Ribolla and Stinson was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *see also Moore*, 927 F.2d at 1197. "To determine whether an agency decision was arbitrary and capricious, the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990) (quoting *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 378 (1989)).

Based upon its *in camera* review regarding the information sought by Plaintiff, the Court finds that the Attorney General's action in refusing to authorize the testimony of Ribolla and Stinson was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Specifically, the Court finds that it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law for the Attorney General to conclude that the information sought by Plaintiff is privileged under the law enforcement privilege and that disclosure of the information "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *See* 28 C.F.R. § 16.26(b)(5). For these reasons, the Attorney General's Motion to Quash Subpoenas is granted.

## III. Plaintiff's Motion to Compel

Plaintiff also seeks the testimony of Boren regarding the Lightning investigation and the April 9, 2007 phone call between Plaintiff and Ribolla. During Boren's November 26, 2007 deposition, Plaintiff's counsel questioned Boren about the Larry Lightning investigation, the tap on Lightning's phone, and whether Plaintiff was a suspect in a federal investigation. Citing the law enforcement privilege, Defendants' counsel instructed Boren not to answer these questions. (Boren Dep. 111:1-15, Nov. 26, 2007, Ex. D to Pl.'s Reply re Mot. to Compel; Defs.' Resp. to Pl.'s Mot. to Compel Discovery 11 [hereinafter Defs.' Resp. to Mot to Compel].)[5] Plaintiff contends that the law enforcement privilege does not apply and that Boren should be compelled to answer Plaintiff's questions.

The law enforcement privilege exists to "prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted); *accord In re U.S. Dep't of Homeland*

---

[5]Defendants further contend that, although Boren is not an "employee" of the DOJ such that the DOJ regulations permit the Attorney General to prevent disclosure of any information Boren has about a DEA/FBI investigation, the Attorney General holds the privilege with regard to any information Boren has about the Larry Lightning investigation or the April 9, 2007 phone call, and Boren cannot waive that privilege.

*Sec.*, 459 F.3d 565, 569 n.1 (5th Cir. 2006). To decide whether the privilege applies, a court "must balance 'the government's interest in confidentiality against the litigant's need for the [information].'" *In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570 (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991)). In making this determination, a number of courts weigh the ten factors developed in *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973). *See, e.g., In re U.S. Dep't of Homeland Sec.*, 459 F.3d at 570; *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996). These factors are:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Frankenhauser*, 59 F.R.D. at 344.

After considering these factors, the information supplied by the parties in their papers and in open court, and the evidence provided in the February 12, 2008 *in camera* proceeding, the Court finds that the law enforcement privilege applies to the information Plaintiff

seeks to elicit from Boren.[6]  As discussed above, it is reasonable to conclude that disclosure of the information sought by Plaintiff "would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired." *See* 28 C.F.R. § 16.26(b)(5).  The Court makes no finding that Plaintiff has established a need for any information in Boren's possession relating to the Lightning investigation and/or the interception of any telephone call involving Plaintiff; however, to the extent that Boren has any such information, the Court concludes that the government's interest in keeping the information confidential outweighs Plaintiff's need for such information.  Plaintiff's Motion to Compel, therefore, is denied.

## IV.  Plaintiff's Motion to Unseal Documents

Plaintiff asks the Court to unseal its March 7, 2007 Order in the case of *United States v. Larry Lightning*, Case No. 4:07-CR-00019-CDL-GMF-1.  In that Order, the Court authorized the interception of wire communications to and from Larry Lightning's telephone.  For the

---

[6]Because the Court finds that the evidence provided in the *in camera* proceeding is privileged and should not be revealed, the Court will not risk disclosing that information by providing a detailed analysis of the facts supporting its conclusion.  In reaching its conclusion, the Court considered each *Frankenhauser* factor and determined whether the evidence proffered to the Court weighed in favor of or against disclosure.  Based on the evidence, the Court concludes that the government's interest in confidentiality outweighs Plaintiff's need for the information he seeks.

same reasons that Boren's testimony regarding the Lightning investigation is privileged under the law enforcement privilege, the Court's March 7, 2007 Order is privileged. The government's interest in maintaining confidentiality of the Order outweighs Plaintiff's interest in disclosure because unsealing the Order would reveal investigatory records compiled for law enforcement purposes and may disclose investigative techniques and procedures the effectiveness of which would thereby be impaired. For these reasons, Plaintiff's Motion to Unseal March 7, 2007 Order Authorizing Interception of Wire Communications is denied.

## CONCLUSION

For the reasons stated above, the Attorney General's Motion to Quash (Doc. 31) is granted, Plaintiff's Motion to Compel Discovery (Doc. 37) is denied, Plaintiff's Motion to Unseal March 7, 2007 Order Authorizing Interception of Wire Communications (Doc. 54) is denied, and the Attorney General's Motion for *In Camera* Proceeding (Doc. 55) is granted.


IT IS SO ORDERED, this 15th day of February, 2008.


                         S/Clay D. Land
                          CLAY D. LAND
               UNITED STATES DISTRICT JUDGE