IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BYRON N. HICKEY,   *

    Plaintiff,   *

vs.   *

    CASE NO. 4:07-CV-96 (CDL)

COLUMBUS CONSOLIDATED   *
GOVERNMENT, *et al.*
  *

    Defendants.   *

O R D E R

The Court previously denied summary judgment as to the following claims:

1. Title VII Retaliation Claim against Columbus Consolidated Government ("City") for negative performance review of Plaintiff.

2. Title VII and § 1981 retaliation claims against the City for Plaintiff's extended administrative assignment.

3. Equal protection discrimination claim and Title VII and § 1981 discrimination and retaliation claims against the City for Plaintiff's transfer from Vice to Burglary and Theft.

4. Section 1981 retaliation claims against Defendants Hawk and Horiuchi for negative performance review of Plaintiff.

1

5. Section 1981 retaliation claims against Defendant Boren for Plaintiff's extended administrative assignment.

6. § 1981 Discrimination and retaliation against Boren for Plaintiff's transfer from Vice to Burglary and Theft.

The Court of Appeals reversed the Court's denial of qualified immunity to Hawk and Horiuchi and the denial of qualified immunity to Boren based on Plaintiff's transfer from Vice to Burglary and Theft. Plaintiff subsequently dismissed his remaining claim against Boren in his individual capacity. Therefore, no claims remain to be tried against any Defendants in their individual capacities.

The parties agree that Plaintiff's Title VII and § 1981 retaliation claims against the City for Plaintiff's extended administrative assignment may proceed to trial. The City contends that it is entitled to judgment as a matter of law on the remaining claims in light of the Eleventh Circuit's qualified immunity opinion. As to the Title VII, § 1981, and equal protection discrimination claims based on Plaintiff's transfer from Vice to Burglary and Theft, the Court agrees that the City is entitled to judgment as a matter of law in light of the Eleventh Circuit's finding that the transfer did not result in any tangible harm. *Hickey v. Columbus Consol. Gov't*, No. 08-15485, 2010 WL 1172535, at *2 (11th Cir. Mar. 29, 2010).

As to the retaliation claims based on the negative performance review and the transfer, the City agrees that the Court should apply

2

the retaliatory adverse employment action standard announced in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). The City argues that because the Eleventh Circuit found that Plaintiff experienced no tangible harm as a result of these employment decisions, Plaintiff suffered no retaliatory adverse employment action. However, Plaintiff need not have suffered tangible harm to state a retaliation claim. Rather, Plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (internal quotation marks omitted); *accord Hickey*, 2010 WL 1172535, at *1 (quoting *Burlington*). The Court previously concluded that genuine issues of material fact exist as to whether the performance review and the transfer constituted materially adverse actions. Accordingly, those two claims shall also proceed to trial.

IT IS SO ORDERED, this 7th day of June, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

3